IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEDRICK LAMAR MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-590-MHT-CSC |
| | ) | (WO) |
| ELMORE COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Kedrick Lamar Murray, a prisoner proceeding *pro se*, filed this civil action on October 4, 2023. Doc. 1. At the same time, Murray applied for leave to proceed *in forma pauperis* (Doc. 2), after which the Court ordered him to submit information regarding the funds in his inmate account (Doc. 3). Murray submitted that information to the Court on October 24, 2023. Doc. 4. On October 25, 2023, based on Murray's inmate-account information, the Court issued an order directing him to pay an initial partial filing fee of $49.93 by November 8, 2023. Doc. 5. In that order, the Court specifically cautioned Murray that his failure to comply with the order's directives would result in a recommendation that his case be dismissed. *Id*. at 2.

As of the date of this Recommendation, Murray has not submitted the initial partial filing fee in compliance with the Court's order of October 25, 2023. Consequently, the undersigned concludes that Murray's case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not

an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

Here, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co- Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **January 3, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 20th day of December 2023.

                  /s/ Charles S. Coody
                  CHARLES S. COODY
                  UNITED STATES MAGISTRATE JUDGE